UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLEE, III,<br><br>Plaintiff,<br><br>v.<br><br>BENSON INDUSTRIES, INC., et al.,<br><br>Defendants. | No. 2:24-cv-01529-DAD-AC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 4) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 4.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 8.) For the reasons explained below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On February 29, 2024, plaintiff William Clee III filed this putative class action against his employers, defendants Benson Industries, Inc. ("Benson") and Mitek Inc.[1], in the Sacramento County Superior Court. (Doc. No. 1-4 at 7.) In his complaint, plaintiff brings 10 claims under the Private Attorney's General Act alleging that defendants violated California labor laws by failing to pay overtime wages, pay minimum wages, pay meal and rest period premiums, provide

---

[1] Benson is a wholly owned subsidiary of Mitek Inc. (Doc. No. 1-2 at ¶ 3.)

1

1 accurate wage statements, pay final wages, reimburse business expenses, maintain appropriate

2 hours and days of work, maintain accurate business records, and provide sick leave.  (Doc. No. 1-

3 4 at 11–12.)

4       On May 30, 2024, defendants removed the action to this federal court pursuant to the

5 court's federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446, as well as this

6 court's supplemental jurisdiction under 28 U.S.C. § 1367(a), on the grounds that federal question

7 jurisdiction exists because plaintiff's claims are preempted under § 301 of the Labor Management

8 Rights Act ("LMRA"), 29 U.S.C. § 185.  (Doc. No. 1 at 3–4.)

9       On July 1, 2024, plaintiff filed the pending motion to remand, asserting that none of his

10 claims are preempted.  (Doc. No. 4.)  Defendants filed an opposition to the motion to remand on

11 July 15, 2024, and plaintiff filed his reply thereto on July 25, 2024.  (Doc. Nos. 5, 7.)

12 **LEGAL STANDARD**

13       A suit filed in state court may be removed to federal court if the federal court would have

14 had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case

15 originally filed in state court presents a federal question or where there is diversity of citizenship

16 among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

17 1332(a).

18       The defendant seeking removal of an action from state court bears the burden of

19 establishing grounds for federal jurisdiction by a preponderance of the evidence.  *Geographic*

20 *Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter*

21 *v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564,

22 566–67 (9th Cir. 1992).  "If at any time before final judgment it appears that the district court

23 lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  If there is

24 any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case

25 to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003);

26 *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

27       A party's notice of removal must contain "a short and plain statement of the grounds for

28 removal."  28 U.S.C. § 1446(a).  "By design, § 1446(a) tracks the general pleading requirement

stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 24, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398–99.

## ANALYSIS

Before turning to plaintiff's motion to remand, the court first considers the parties' respective requests for judicial notice in connection with that motion. (Doc. Nos. 1-9, 4-4, 5-4.)

**A.      Request for Judicial Notice**

Defendants and plaintiff both request that the court take judicial notice of the Collective Bargaining Agreement ("CBA") between Northern California Glass Management Association and District Council 16 of the International Union of Painters and Allied Trades AFL-CIO. (Doc Nos. 1-9, 4-4.) Both parties also request that the court take judicial notice of wage schedules. (Doc. Nos. 1-9, 4-4.) Defendants also request that the court take judicial notice of the Industrial Welfare Commission Wage Order 16-2001. (Doc. No. 5-4.) The court denies these requests because it is unnecessary to take judicial notice of documents already filed in the docket for this action. *See, e.g., Stone v. Sysco Corp.*, No. 16-cv-01145-DAD-JLT, 2016 WL 6582598, at *3 (E.D. Cal. 2016) ("The court denies defendants' request for judicial notice of the CBA because it

1 is unnecessary to take judicial notice of documents already filed in the docket for this action.");

2 *Harper v. Fisher*, No. 2:20-cv-8286-JVS-MAR, 2021 WL 4812989, at *2 n.4 (C.D. Cal. 2021).[2]

Finally, plaintiff and defendants request that the court take judicial notice of the fact that the minimum wage in California for employers with 26 or more employees was $14.00 in 2021; $15.00 in 2022; $15.50 in 2023; and $16.00 in 2024. (Doc. Nos. 1-9, 4-4.) Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court may also take judicial notice of undisputed "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Accordingly, the court grants these requests since the minimum wage rates in California are a matter of public record.

**B.     Preemption under § 301 of the LMRA**

In their notice of removal, defendants assert that this court has federal question jurisdiction over this action. (Doc. No. 1 at 4.) Defendants argue that all of plaintiff's claims are preempted by § 301 of the LMRA because they either exist solely under or their adjudication requires interpretation of the terms of the CBA between Northern California Glass Management Association and District Council 16 of the International Union of Painters and Allied Trades AFL-CIO. (*Id.*) In the pending motion to remand, plaintiff argues that none of his claims are preempted because they do not rely on the CBA or on an interpretation of the CBA's provisions. (Doc. No. 4-1 at 6.) The central question posed here then is whether, as defendants argue, plaintiff's claims are preempted by federal law.

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), provides federal courts with original jurisdiction, regardless of the amount in controversy or citizenship of the parties, over

---

[2] The court notes that plaintiff and defendants ask the court to take judicial notice of their respective attached copies of the CBA. (Doc. Nos. 1-2, 4-2.) The documents appear to be identical and the parties do not specify any differences between them. Nonetheless, defendants have filed evidentiary objections to plaintiff's copy of the CBA. (Doc. No. 5-1.) To the extent defendants object to documents that they also provided as evidence in connection with their notice of removal, those objections are overruled.

any lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). In the specific context of preemption under § 301 of the LMRA, the Ninth Circuit has recognized that preemption "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)); *see also Caterpillar*, 482 U.S. at 392; *Hansen*, 902 F.3d at 1057.

Section 301 "authoriz[es] federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id.* at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Loc. 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). As the Ninth Circuit has explained,

> federal preemption under § 301 "is an essential component of federal labor policy" for three reasons. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917–18 (9th Cir. 2018) (*en banc*). First, "a collective bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government." *Id.* at 918 (internal quotation marks and citations omitted). Thus, a CBA is part of the "continuous collective bargaining process." *United Steelworkers v. Enter. Wheel & Car Corp.* (*Steelworkers III*), 363 U.S. 593, 596 (1960). Second, because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it "calls into being a new common law—the common law of a particular industry or of a particular plant." *United Steelworkers v. Warrior & Gulf Navigation Co.* (*Steelworkers II*), 363 U.S. 574, 579 (1960). Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the "parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." *Id.* at 582. Third, grievance and arbitration procedures "provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Schurke*, 898 F.3d at 918 (internal quotation marks and citation omitted).

*Hansen*, 902 F.3d at 1152.

The determination of whether a claim is preempted by § 301 is made by way of a two-step inquiry. The first question is "whether the asserted cause of action involves a right conferred

5

upon an employee by virtue of state law," or if instead the right is conferred by a CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). This step requires the court to consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted). If the asserted cause of action is conferred solely by the CBA, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, the court must still decide whether the claim is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Id*. at 1059–60 (citations omitted). "The term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires "looking to" the CBA, it is not preempted. *Burnside*, 491 F.3d at 1060. Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

**C.    Application**

Here, plaintiff and defendants agree that plaintiff was subject to the terms of the CBA. (Doc. Nos. 1 at 9; 4 at 6.) Based on that showing, defendants contend in their opposition that plaintiff's overtime claim is preempted by § 301 at the first step of the *Burnside* inquiry. (Doc. No. 5 at 18.)

1.    <u>Overtime Claim</u>

With respect to the first step of the analysis set out by the court in *Burnside*, defendants persuasively argue that plaintiff's overtime claim is preempted because his right to overtime pay exists solely as a result of the CBA. (Doc. No. 5 at 19–20.)

California Labor Code § 510 sets forth the requirements of hour limits on a workday and the rate at which various amounts of overtime must be compensated. Cal. Lab. Code § 510. However, California Labor Code § 514 also provides that:

/////

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.  When the requirements of § 514 are satisfied by a CBA, the right to overtime compensation "exists solely as a result of the CBA" and is preempted under § 301. *Curtis*, 913 F.3d at 1155; *see also Dent v. National Football League*, 968 F.3d 1126, 1135 (9th Cir. 2020).

Here, it is uncontested that the CBA expressly provides for the wages, hours of work, and working conditions of all covered employees, and that the CBA provides premium wage rates for all overtime hours worked.  (Doc. Nos. 1 at 9 (identifying relevant CBA provisions); 4 at 6.) Defendants and plaintiff have both submitted for the court's consideration a copy of the CBA which contains express provisions addressing these items.  (*See* Doc. Nos. 1-2[3] at 42–43 (expressly providing for overtime); 40–41 (expressly providing for hours of work); 40–44 (expressly providing for working conditions); 42–43 (expressly providing premium wage rates for overtime).)  However, plaintiff argues that the CBA does not provide a base rate of pay of more than 30 percent of the applicable California minimum wage to all covered employees.  (Doc. No. 4-1 at 7.)  Specifically, plaintiff claims that some employees are paid less than 130 percent of the minimum wage under the CBA.  (*Id.* at 2.)  In this regard, plaintiff contends that the 2024 Fresno Area Addendum to the CBA requires that some employees only be paid $19.50 per hour and the 2024 Bay Area Wage Schedule provides that some employees be paid only $20.15 per hour, both of which are too low since the minimum wage in California of $16 in 2024 makes $20.80 the minimum required amount for the § 514 exception to apply.  (Doc. Nos. 4-1 at 4; 4-3 at 49–57.) The court does not find plaintiff's argument persuasive.

The wage schedules do not alone show that the CBA fails to pay all covered employees at least 130 percent of minimum wage.  First, defendants have represented that they were not a party

---

[3] For this recitation, every citation to Doc. No. 1-2 has a parallel citation to Doc. No. 4-3 at one page higher.

7

to the Fresno addendum which incorporated the purportedly deficient Fresno wage schedule. (Doc. No. 5-2 at ¶ 4.)  Since employees of defendant Benson were only governed by the base CBA, the Fresno wage schedule listing a $19.50 hourly rate is inapplicable to this case.  (Doc. No. 1-2 at ¶ 3 (stating that defendant Benson had entered into the CBA produced by plaintiff and defendants).)  Though the parties agree that the Bay Area wage schedule applies in this case, it also does not show that some covered employees are to be paid less than 130 percent of California's minimum wage.  (*See* Doc. Nos. 1-2 at 51; 4-3 at 55.)  On the Bay Area wage schedule, there is a footnote stating that "[i]f the minimum wage should increase after publication of this wage schedule, Employer will need to calculate the new amount at 130% above the rate." (*Id.*, *see also* Doc. No. 1 at 10 n.2.)  This is an express provision that ensures that the lowest wages provided by the CBA will be at least 130 percent of California's minimum wage.  *Cf. Johnson v. San Francisco Health Care and Rehab Inc.*, 22-cv-01982-JSC, 2022 WL 2789809, at *5 (N.D. Cal. July 15, 2022) (holding that a savings clause which did not plainly require the defendant to pay 130 percent of the minimum wage was not sufficient to bring the CBA into compliance with § 514).  Plaintiff does not allege, nor does he offer any evidence, that the CBA was not updated after the minimum wage increase in 2024 in accordance with this footnote to the wage schedule.  The court concludes defendants have met their burden of showing that the § 514 exemption applies.  *See Ramirez v. Yosemite Water Co.*, 20 Cal.4th 785, 794–95 (1999) (finding that the employer bears the burden of proving an exemption).

Accordingly, the court concludes that plaintiff's overtime claim is preempted by § 301 of the LMRA.

   2.   <u>Supplemental Jurisdiction</u>

Plaintiff's remaining claims arise from the same working conditions and relationship with defendants as plaintiff's claim for failure to provide required overtime.  (*See* Doc. No. 1-4.)  The court therefore finds that the claims derive from a "common nucleus of operative fact" and that this court has supplemental jurisdiction over plaintiff's remaining claims.  *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (exercising supplemental jurisdiction where the remaining claims are "derive[d] from a common nucleus of operative fact" and of the nature

8

which "a plaintiff would ordinarily be expected to try them in one judicial proceeding."); *see also Josephson v. Lamon Const. Co., Inc.*, No. 2:23-cv-00043-DAD-AC, 2023 WL 9183255, at *5 (E.D. Cal. Dec. 8, 2023) (exercising supplemental jurisdiction when a preempted claim arose from the same employment relationship that other claims arose from); *Stendal v. Memorial Health Services*, No. 2:23-cv-01380-ODW-PDX, 2023 WL 3311845, at *4 (C.D. Cal. May 8, 2023) (exercising supplemental jurisdiction when the remaining claims arose from the same allegations as a preempted claim). Because of this, the court need not consider the parties' additional arguments as to plaintiff's remaining claims over which the exercise of supplemental jurisdiction is appropriate.[4]

## CONCLUSION

For the reasons set forth above:

1. The parties' requests for judicial notice (Doc. Nos. 4-4; 5-4) are granted in part and denied in part, as explained in this order;

2. Plaintiff's motion to remand this action to the Sacramento County Superior Court (Doc. No. 4) is denied; and

3. In accordance with the parties' stipulation (Doc. No. 9) and the court's prior order (Doc. No. 10), the parties shall file a joint status report regarding scheduling no later than fourteen (14) days after the issuance of this order.

IT IS SO ORDERED.

Dated:  **September 30, 2024**                              *Dale A. Drozd*
                                                             DALE A. DROZD
                                                             UNITED STATES DISTRICT JUDGE

---

[4] The court also need not and does not resolve the applicability of California Labor Code § 2699.6 to this action. (Doc. Nos. 1 at 21–22; 4-1 at 7–8.)

9